# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:10cv78
# [CRIMINAL CASE NO. 1:07cr19]

| TOMAS ALEGRIA FACUNDO, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | **O R D E R** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon the Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255, filed April 12, 2010 [Doc. 1] and the Petitioner's Motion for Discovery [Doc. 3]. No response is necessary from the Government as to either motion.

## STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction or sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or otherwise is subject to collateral attack. 28 U.S.C. § 2255. Rule 4(b) of the

Rules Governing Section 2255 Proceedings for the United States District Courts provides, however, that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

The Court has reviewed Petitioner's Motion and the record of his underlying criminal proceedings and enters summary dismissal for the reasons stated herein.

## PROCEDURAL HISTORY

On February 27, 2007, the Petitioner was charged with violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1). [United States v. Pope, Criminal Case No. 1:07cr19, Doc. 1]. On May 4, 2007, the Petitioner filed a Plea Agreement by which he agreed to plead guilty to both charges, and he stipulated to involvement with a specific amount of actual methamphetamine. [Id., Doc. 14]. On July 9, 2007, the Petitioner appeared before the Court and tendered his guilty pleas which were accepted by the Court. [Id., Doc. 18]. On January 30, 2008, the Court held a Factual Basis and Sentencing Hearing during which it sentenced Petitioner to terms of 120 months of imprisonment for the drug conviction and to a consecutive 60-

month term for the firearm conviction.  [Id., Doc. 22].  The Court's Judgment was entered on February 8, 2008.  [Id.].  No direct appeal was filed in the Petitioner's criminal case.

On  April 12, 2010, the Petitioner, acting *pro se*, filed the instant Motion to Vacate seeking to argue that his guilty plea was involuntarily and unintelligently entered, and that his attorney was ineffective for failing to file a direct appeal as he reportedly requested.  [Civil Case No. 1:10cv78, Doc. 1].  The Court recognized, however, that said Motion to Vacate might be subject to summary dismissal as untimely filed.  As the Court advised in its Order [Id., Doc. 4] entered pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), Congress enacted the Antiterrorism and Effective Death Penalty Act (hereafter, the "AEDPA") in 1996.  Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate.  The amendment provides:

> A 1-year period of limitation applies to a motion under this section.  The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Upon its initial review, the Court observed that the Petitioner's convictions and sentences were imposed by a Judgment filed February 8, 2008, and he did not seek direct review for his case. Thus, the Court determined that Petitioner's case became final ten business days after entry of that Judgment, i.e., on February 25, 2008. See Fed. R. App. P. 4(b)(1)(A)(I)and (6) (providing that for federal defendants, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket); and Fed. R. Crim. P. 45(a) (providing that intermediate Saturdays, Sundays and legal holidays are excluded from computation if the period is less than 11 days). In the absence of any intervening circumstances, pursuant to the AEDPA, the Petitioner had up to and including February 25, 2009, in which to file his Motion to Vacate. Because he did not file his Motion by that date, the Court's Hill Order directed him to file a document explaining why he believes his Motion should be deemed timely filed. [Id., Doc. 4].

On May 21, 2010, the Petitioner filed an Affidavit wherein he attempts to raise several arguments explaining why, pursuant to "28 U.S.C. § 2255-(f)(3) and (4)," his Motion should be construed as timely filed or, in the alternative, why his filing delay should be equitably tolled. [Id., Doc. 6 at 3]. As to the AEDPA statute, Petitioner first argues that he asked his attorney for a direct appeal and "was under the impression that [counsel] would notify him of further developments with the appeal . . ."; and he only learned of his attorney's failure to file the appeal in January or February 2010. [Id. at 2]. Thus, Petitioner believes that he should be credited for his "due diligence," and that his Motion should be construed as timely because it was filed within one year of his discovery that he had no appeal.

As to equitable tolling, Petitioner argues that his delay should be excused because his "language barrier" and his lack of a "full[] understanding of the [A]merican legal justice system" forced him to rely upon the assistance of other inmates in preparing and filing his Motion to Vacate. [Id.]. Petitioner further argues that his "indigent position hindered matters even further because he lacked the necessary financial means to hire professional legal and interpreter . . ." services to assist with the preparation of his Motion. [Id.]. After careful review of these arguments, the Court

has determined that each is inadequate to establish the timeliness of Petitioner's § 2255 Motion.

**ANALYSIS**

As to the AEDPA, the Court first notes that Petitioner has not identified the change in law upon which he is seeking to rely. Therefore, the Petitioner's assertion that his Motion should be deemed timely filed pursuant to 28 U.S.C. § 2255(f)(3) is baseless.

Second, concerning the Petitioner's reliance upon the "due diligence" language in § 2255(f)(4), the Court is unaware of any decision from the Fourth Circuit providing an extensive analysis of that term within this or an analogous factual context. Nevertheless, the Court's research has revealed other cases which are helpful in this regard. As an initial matter, the Court is aware that:

> Section 2255(4) is not a tolling provision that extends the length of the available filing time by excluding certain periods that post-date the start of the limitations clock from the calculation of how much time has run. Rather, it resets the limitations period's beginning date, moving it from the time when the conviction became final, see § 2255(1), to the later date on which the particular claim accrued.

Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000). Furthermore, under the due diligence provision, "the beginning of the one-year period is

triggered by a date that is not necessarily related to a petitioner's actual efforts or actual discovery of the relevant facts." Aron v. United States, 291 F.3d 708, 711 (11th Cir. 2002). Instead, "[t]he relevant inquiry should focus on when the factual predicate of a claim could have been discovered, as opposed to the date on which the petitioner has in his possession evidence to support his claim." Gonzalez-Ramos v. United States, No. 05 Civ. 3974, 99 CR. 1112(LAP), 2007 WL 1288634, at *7 (S.D.N.Y. May 2, 2007) (citation and internal quotation marks omitted). Thus, "[t]he proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed." Wims, 225 F.3d at 190.

Notably, § 2255(f)(4) "does not require the maximum feasible diligence, only due, or reasonable diligence." Gonzalez-Ramos, 2007 WL 1288634, at *7 (citation omitted). In other words, due diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option.'" Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008) (quoting Aron, 291 F.3d at 712). Nevertheless, due diligence "does at least require that a prisoner make *reasonable* efforts to discover the facts supporting his claims." Anjulo-Lopez, 541 F.3d at 818.

Turning back to the facts of this case, the Judgment imposing the Petitioner's convictions and sentences was entered in February 2008, yet he reportedly did not learn from counsel that there was no direct appeal pending until January or February of 2010. Curiously, however, the Petitioner has not even attempted to explain why he did not or could not have acquired this critical information before he did. For example, the Petitioner does not assert that he had made earlier attempts to discover the status of his appeal from counsel, but was unable to do so.

Thus, under the circumstances of this case, the Court finds that after a reasonable amount of time passed, something far less than a full year, when counsel failed to make contact with him concerning the status of his anticipated appeal, the Petitioner had an obligation to inquire about the appeal with counsel and/or the Court. Had the Petitioner made such an inquiry sooner, he certainly could have learned that he had no appeal and, therefore, that his one-year limitations period was running. The Petitioner's failure to timely make such an inquiry simply was unreasonable, and he must bear the consequences of that failure. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005) (refusing to apply § 2255(f)(4) where "there is every reason to believe that prompt action would have produced [the facts on which the claim for relief is

based] well over a year before [the petitioner] filed his § 2255 petition."). Inasmuch as the Petitioner did not exercise due diligence in the discovery of the absence of his appeal, the Court cannot construe his one-year limitations period as having commenced in January or February 2010 when he reportedly actually discovered such information.

Inasmuch as the Petitioner's delayed filing was caused by his own lack of due diligence and not by any government-created impediment, the Court further finds that he cannot establish the timeliness of his Motion pursuant to § 2255(f)(2). Therefore, the Petitioner's Motion cannot be construed as timely filed pursuant to any of the provisions of the AEDPA.

As to his other arguments, the Court is aware that once in a great while a petitioner can have his filing delay excused under the principles of equitable tolling. See, e.g., Parmaei v. Jackson, No. 09-7682, 2010 WL 2017775, at *1 (4th Cir. May 21, 2010) (finding equitable tolling appropriate for petitioner who untimely re-filed a § 2254 petition which, though timely submitted, was erroneously refused by a deputy clerk of court, and subsequently mistakenly dismissed by court on exhaustion grounds). As the Fourth Circuit explained, however, in Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest

circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. at 330. Accordingly, in order to warrant equitable tolling, a petitioner must establish that he was prevented from asserting claims by wrongful conduct of the government, or that extraordinary circumstances beyond his control made it impossible to file claims in a timely manner. Id.; United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000) (discussing requirements).

In the instant case, Petitioner asserts that his delay should be tolled because he suffers from a language barrier that precluded his understanding of the law and his timely filing of his Motion. In United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004), the Fourth Circuit affirmed the denial of equitable tolling for a petitioner's self-described "'language difficulties'" when various filings failed to reveal his inability to communicate in English with the Court. Thus, the Petitioner's delay cannot be excused on this basis of his language barrier which, like in Sosa, is not apparent in his filings. See also Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006) (holding that to obtain equitable tolling, a petitioner "must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate,

library personnel, or other source"); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (holding that a petitioner's unfamiliarity with legal procedures is insufficient to equitably toll the one-year limitations period, regardless of whether that unfamiliarity was due to illiteracy or any other reason).

Petitioner also clams that his delay should be tolled because he could not afford to hire an attorney to prepare and file his § 2255 Motion. Because there is no entitlement to counsel in this collateral civil proceeding, however, the Petitioner cannot have his delay excused on this basis.

Finally, to the extent that Petitioner is claiming an entitlement to equitable tolling on the basis of his attorney's failure to notify him of the finality of his convictions and sentences, this claim also is baseless. In Jackson v. United States, 319 F.Supp.2d 672 (E.D. Va. 2004), the Court stated that it knew of no authority which "suggest[ed] that a petitioner's unawareness of the finality of his conviction constitutes the necessary extraordinary and external circumstances that warrant equitable tolling." Id. at 675. On the contrary, the Jackson Court found, based upon principles of agency, that a defense attorney's actions are attributable to his client and, therefore, do not "present circumstances external to the party's own

conduct" so as to justify equitable tolling. Id. at 676 (citation and internal quotation marks omitted); see also Rash v. United States, No. 3:01-cv-127, 2007 WL 1983852, at *3 (N.D. W.Va. Apr. 3, 2007) (finding that it is not unconscionable to deny equitable tolling for petitioner who timely could have discovered the factual predicate for claim had he earlier requested documents from the Court). Accordingly, all of Petitioner's arguments for equitable tolling are unavailing in light of the specific facts of his case.

## CONCLUSION

The AEDPA requires, among other things, that petitioners who seek to challenge their convictions and/or sentences under 28 U.S.C. § 2255 must do so within the time limitations prescribed by that statute. Here, the Petitioner has failed to meet that requirement, and he has failed to establish any other basis for construing his Petition as timely filed. Accordingly, the Petitioner's Motion to Vacate must be dismissed as time-barred.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Vacate under 28 U.S.C. § 2255 is **DISMISSED** as untimely filed.

**IT IS FURTHER ORDERED** that the Petitioner's Motion for Discovery [Doc. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d. 931 (2003) (holding that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assess-ment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct 1595, 146 L.Ed.2d 542 (2000)).

**IT IS SO ORDERED.**

Signed: May 31, 2010

Martin Reidinger
United States District Judge