IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO: 1:17-cv-00135-MR
[Criminal Case No: 1:07-cr-00019-MR-1]

TOMAS ALEGRIA FACUNDO,
a/k/a Sergio Reynaldo
Hernandez,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

**MEMORANDUM OF DECISION AND ORDER**

**THIS MATTER** is before the Court on Petitioner's "Retroactive Motion under 18 [sic] U.S.C. § 2255 Based on Dean v. United States" [Doc. 1]. No response is necessary from the Government.

## STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction or sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or otherwise is subject to collateral attack. 28 U.S.C. § 2255. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, however, that:

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must

> dismiss the motion and direct the clerk to notify the moving party.

The Court has reviewed Petitioner's Motion and the record of his underlying criminal proceedings and enters summary dismissal for the reasons stated herein.

## PROCEDURAL HISTORY

On February 27, 2007, Petitioner was charged with violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1). [Criminal Case No. 1:07-cr-00019-MR ("CR"), Doc. 1]. On May 4, 2007, Petitioner filed a Plea Agreement by which he agreed to plead guilty to both charges, and he stipulated to involvement with a specific amount of actual methamphetamine. [CR Doc. 14]. On July 9, 2007, Petitioner appeared before the Court and tendered his guilty pleas which were accepted by the Court. [CR Doc. 18]. On January 30, 2008, the Court sentenced Petitioner to terms of 120 months of imprisonment for the drug conviction and to a consecutive 60-month term for the firearm conviction. [CR Doc. 22]. The Court's Judgment was entered on February 8, 2008. [Id.]. No direct appeal was filed in Petitioner's criminal case.

On April 12, 2010, Petitioner, acting *pro se*, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, contending that his guilty plea was not voluntarily and intelligently entered, and that his

2

attorney was ineffective for failing to file a direct appeal as he reportedly requested. [Civil Case No. 1:10-cv-00078, Doc. 1]. The Court dismissed the Motion to Vacate as untimely on June 2, 2010. [Id., Doc. 7].

The Court received the instant § 2255 Motion to Vacate on May 19, 2017. [Doc. 1]. Petitioner contends he is entitled to resentencing in light of the Supreme Court's recent decision in Dean v. United States, 137 S. Ct. 1170 (2017).

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996, a prisoner cannot file a "second or successive" motion under § 2255 unless it is "certified . . . by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Before filing a successive motion to vacate, a prisoner must obtain authorization from a circuit court. 28 U.S.C. § 2244(b)(3)(A).

A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the motion has been certified in advance by the appropriate circuit court of appeals. See § 2255(h). Because Petitioner has not obtained authorization from the Fourth Circuit to file a second or

successive § 2255 motion, this Court lacks jurisdiction to consider the instant Motion to Vacate, and it must be dismissed. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

**CONCLUSION**

For the reasons stated herein, the Court shall dismiss the Motion to Vacate as an unauthorized, successive § 2255 motion.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DISMISSED WITH PREJUDICE** as an unauthorized, successive § 2255 motion.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 31, 2017

Martin Reidinger
United States District Judge